<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAWRENCE MARTIN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br><br>ANHEUSER-BUSCH, ABC CORP. 1-3, and JOHN DOE 1-5,<br><br>　　　　　　　　Defendants. | Civil Action No. 05-2241 (KSH)<br><br><br><br><u>OPINION</u> |

<u>**KATHARINE S. HAYDEN, U.S.D.J.**</u>

**I.　　INTRODUCTION**

Lawrence Martin ("Martin" or "plaintiff") brought suit against Anheuser-Busch, ABC Corp. 1-3, and John Doe 1-5 alleging that he was wrongfully terminated from his job as a machinist at Anheuser-Busch because of his age, 60 years old, and because of his medical condition, high blood pressure. Specifically, plaintiff brings his claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101, *et. seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623, *et. seq.* Plaintiff also brings a state claim under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-2.1. Originally, plaintiff also made a claim for wrongful termination in violation of public policy, but he has voluntarily

1

dismissed that claim.  Plaintiff seeks compensatory, consequential, and punitive damages,  as

well as attorney fees and costs.

Before the Court is defendant Anheuser-Busch's motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.      JURISDICTION

This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and pendant

jurisdiction over the NJLAD claim pursuant to 28 U.S.C. § 1367.

## III.     MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court must

accept all allegations in the complaint as true, and draw all reasonable inferences in favor of the

plaintiff.  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

can also consider "exhibits attached to the complaint and matters of public record" as well as

documents that the defendant appends as exhibits to the motion to dismiss, if those documents

are "undisputedly authentic" and "if the plaintiff's claims are based on" those documents.

Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.,  998 F.2d 1192, 1196 (3d Cir. 1993).

The motion to dismiss will be granted "only if it appears to a certainty that no relief could be

granted under any set of facts which could be proved."  D.P. Enterprises, Inc. v. Bucks County

Community College,  725 F.2d 943, 944 (3d Cir. 1984).  In making its determination, the Court

"need not credit a complaint's bald assertions or legal conclusions."  In re Burlington Coat

Factory Securities Litigation, 114 F.3d 1410, 1429 (3d Cir. 1997) (internal citations omitted).

## IV.     BACKGROUND

According to the complaint, which we must accept as true for purposes of this motion to

2

dismiss, on July 11, 2004 plaintiff was working as a weekend machinist at the Anheuser-Busch brewery in Newark, New Jersey, a job that he had held for nearly 9 years.  Plaintiff was on a regularly scheduled break when he began to feel dizzy and light-headed as the result of a new medication he was taking for his high blood pressure.  Because of the dizziness, he went to the locker room to lie down.  While he was lying down, a shift supervisor came into the locker room and "wrote up" the plaintiff, stating that he was inattentive to duties by sleeping during work hours.  On July 27, 2004, the plaintiff was terminated from his position as a machinist.  Prior to this incident, he had not been the subject of any discipline or negative reviews.

Since the plaintiff was a member of Teamsters Local Union No. 102 (hereafter, "the union") and subject to a collective bargaining agreement, on August 5, 2004, the shop steward filed a grievance on plaintiff's behalf, which was processed according to the collective bargaining agreement.  Anheuser-Busch denied the grievance on September 7, 2004.  Although the union was entitled to proceed to arbitration at that point, for unknown reasons it withdrew the grievance without prejudice 10 days later.  In January 2005, plaintiff filed a charge of discrimination against Anheuser-Busch with the Equal Employment Opportunity Commission ("EEOC").  On the EEOC intake questionnaire dated January 7, 2005, where plaintiff was required to indicate why he was terminated, he checked off the boxes marked "age," "disability," and "retaliation."  But on the formal EEOC Charge of Discrimination dated the same day, which plaintiff signed, the only basis of alleged discrimination noted was disability.  On that document, plaintiff stated:  "I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended."

Later, the EEOC issued an undated Dismissal and Notice of Suit Rights, stating that it

was "unable to conclude that the information obtained establishes violations of the statutes."

This letter informed the plaintiff of his right to sue within 90 days of receipt of the letter.

## IV.    DISCUSSION

Defendant now moves to dismiss plaintiff's complaint pursuant to Federal Rules of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant first

argues that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 8(a)

for failure give proper notice of the causes of action that the complaint is based on beyond

mention of the ADA, the ADEA, and NJLAD in the "Jurisdiction and Venue" section of the

complaint.  (Defendant's Moving Brief at 11-12.)  Furthermore, defendant argues, the complaint

does not state any unlawful conduct by the defendant to which it can properly respond.  (Id. at

12.)  In opposition, plaintiff states that his complaint complies with Rule 8(a)'s requirement of a

"short and plain statement of the claim showing that the pleader is entitled to relief."  (Plaintiff's

Opposition Letter Brief at 5.)  In reply, defendant claims that the complaint has failed to put it

"on notice of the essential elements of the causes of action that plaintiff intends to pursue against

it."  (Defendant's Reply Brief at 8.)

The function of a complaint "is to afford fair notice to the adversary of the nature and

basis of the claim asserted and a general indication of the type of litigation involved."

Continental Collieries v. Shober,  130 F.2d 631, 635 (3d Cir. 1942).  The plaintiff is not required

to "set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47

(1957).  As this plaintiff correctly points out,  Rule 8(a) requires a statement of jurisdiction,  "a

short and plain statement of the claim showing that the pleader is entitled to relief," and a

demand for judgment for that relief.  Fed. R. Civ. P. 8(a).  The pleading must "give the defendant

4

fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. at 47.  Plaintiff's complaint simply and plainly sets forth allegations of discrimination based on disability and age.  Although the defendant is correct by noting that the causes of action are not set forth in separate sections with specifically enumerated allocutions of each element, the gist of the complaint is clear.  Plaintiff believes that his termination came about as the direct result of lying down in the locker room on his break, which he claims was necessary due to a medical condition that entitles him to protection under the ADA and NJLAD, and due to his age, which entitles him to protection under the ADEA.  The complaint expressly states that the plaintiff "was wrongfully terminated from his position as a machinist weekender because of his age and medical condition."  (Amended Complaint ¶ 17.)  The plaintiff is not required to plead evidence in his complaint, and a technical form of pleading is not required.  <u>Sierocinski v. E. I. Du Pont De Nemours & Co.</u>, 103 F.2d 843, 843 (3d Cir. 1939).  Therefore, the Court rejects defendant's argument that the complaint should be dismissed pursuant to the pleading requirements of the Federal Rules of Civil Procedure.

Defendant's second argument is that even assuming, *arguendo*, that the complaint survives a challenge under Federal Rule 8(a), plaintiff nonetheless fails to allege facts sufficient to show violations of the ADA and NJLAD because he has not alleged facts sufficient to establish that he suffers from a disability as defined by those acts,  nor has he sufficiently alleged facts to show that he was unlawfully terminated because of said disability.  (Defendant's Moving Brief at 14-18.)   In opposition, plaintiff argues that he has alleged facts sufficient to establish that he suffers from the "disability of hypertension" and that this disability caused him to take medication, which caused him to lie down, which caused him to be terminated from his

employment.  (Plaintiff's Opposition Letter Brief at 8.)  Plaintiff claims that these allegations

show violations of both the ADA and the NJLAD sufficient to survive this motion to dismiss,

and that additional evidence will be garnered though the discovery process.  (Id. at 8-9.)  In reply,

defendant repeats its earlier arguments, and disputes that it was aware that the plaintiff suffered

from a disability, thereby precluding liability altogether under the both the ADA and NJLAD.

(Defendant's Reply Brief at 12-14.)

     "In considering a Rule 12(b)(6) motion, we do not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their claims."

Langford v. City of Atlantic City,  235 F.3d 845, 847 (3d Cir. 2000).  Plaintiff alleges that he was

terminated because of his medical condition (and his age, which will be discussed further on),

and that such termination was a violation of the ADA and the NJLAD.  Based on these

allegations, which the Court is bound to accept as true for the purposes of this motion to dismiss,

it is reasonable to infer that plaintiff intends to prove that his medical condition is a disability

under both the ADA and the NJLAD, and he intends to prove that the termination was the result

of that disability.

     The Court agrees that the plaintiff did not specifically state that he has a disability within

the meaning of the ADA and NJLAD, but the Court finds that an inference can reasonably be

drawn from the amended complaint sufficient to survive a motion to dismiss.

     The defendant also argues that the plaintiff's medical condition does not constitute a

disability under those laws.  However, on a motion to dismiss, the Court must assume that the

plaintiff's allegations and reasonable inferences therefrom are true, and it will not engage in the

determination that defendant seeks prior to discovery.  Therefore, the Court must assume that the plaintiff has a disability that comes within the purview of the ADA and the NJLAD, and that he was terminated as a result of that disability.

Defendant's third argument is that the ADEA claim must be dismissed because the plaintiff has not exhausted his administrative remedies for that claim, which, defendant alleges, is a prerequisite to bringing suit for an age discrimination claim.  (Defendant's Moving Brief at 18-19.)   In opposition, plaintiff submitted a copy of the EEOC Intake Questionnaires that he filled out, stamped received by the EEOC on January 7, 2005, on which the plaintiff marked the box for, *inter alia*, discrimination based on "Age." (Plaintiff's Opposition Letter Brief at 9.) Plaintiff argues that the EEOC erred by not including an age discrimination claim in the formal charge and that his claim should not be dismissed because of the agency's mistake.  (Id.) Defendant replies that claims raised only in an Intake Questionnaire that have not been investigated by the EEOC are not considered part of the formal EEOC charge, and are therefore not included in the EEOC's right to sue letter.  (Defendant's Reply Brief at 17.)  As such, defendant continues, the plaintiff has not exhausted his administrative remedies pursuant to the age discrimination claim, and the claim should therefore be dismissed.  (Defendant's Reply Brief at 16-17.)

As a general rule, in order to file a civil lawsuit pursuant to the ADEA, a party must exhaust administrative remedies by filing a charge of discrimination with the EEOC and receiving notice from the EEOC of the right to sue.  Hicks v. ABT Associates, Inc., 572 F.2d 960, 963 (3d Cir. 1978).  However, the scope of the civil lawsuit is not strictly limited by the EEOC charge and notice.  In Hicks, the plaintiff filed a charge of discrimination with the EEOC

after he was terminated from his job at ABT Associates.  The EEOC form contained several check boxes in which the complainant indicated the nature of the discrimination alleged.  Although Hicks checked the box labeled "race or color," he did not check the box labeled "sex."  The EEOC issued a "right to sue" letter based on race discrimination only.  The district court granted defendant's summary judgment motion for two separate reasons.  First, the court held that it lacked jurisdiction over the sex discrimination claim because Hicks had not filed a sex discrimination charge with the EEOC.  Second, the court held that there were no genuine issues of material fact as to the claims.  Id. at 963.  The Third Circuit reversed that decision because it found that there were two possible bases for jurisdiction over the sex discrimination claim that precluded a grant of summary judgment on that ground.  First, the court found evidence that suggested that Hicks tried to incorporate a sex discrimination charge after he made his original charge, and he "thought it was incorporated." Id. at 964.  Later, when Hicks realized that the formal charge did not include sex discrimination, he tried to have the formal charge amended, but the EEOC improperly refused to allow him to do so.  Second, the court found that even if Hicks had not attempted to amend the charge with the EEOC, he had, in fact, filed a discrimination charge and therefore the EEOC "had notice of a complaint and could commence its investigatory and conciliatory functions."  Id. at 965-966.  Once that charge was filed with the EEOC, the court held that the parameters of the resulting civil action are "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Id. at 966, quoting Ostapowicz v. Johnson Bronze Co.,  541 F.2d 394, 398-399 (3d Cir. 1976).

The Hicks court rejected the argument that the civil should suit be limited to those charges that the EEOC actually investigated.

If the EEOC's investigation is unreasonably narrow or improperly conducted, the plaintiff should not be barred from his statutory right to a civil action. . . .  A civil suit will lie even where the EEOC has failed to give defendant notice of the charge or has failed to attempt to reconcile the parties either because of administrative failure or because of its finding of no reasonable cause.

Id. at 966.

Because the court's holding illuminated an issue of fact as to whether the EEOC investigation would have reasonably included an investigation of sex discrimination along with the investigation for race discrimination, the Third Circuit reversed the district court's grant of summary judgment.  "If a reasonable investigation of the charge as filed would have encompassed the sex discrimination claims . . . the court should take jurisdiction over that part of the plaintiff's complaint."  Id. at 967.

In the case at bar, plaintiff's exhibits include copies of the intake questionnaires that he completed and submitted to the EEOC.  Both questionnaires are stamped "Received" by the EEOC on January 7, 2005.  The Court is entitled to consider matters of public record when considering a motion to dismiss.  Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d at 1196 (3d Cir. 1993).  On both intake questionnaires, plaintiff marked the boxes indicating discrimination based upon "Age (40+)," "Disability," and "Retaliation."  For reasons unknown to this Court, neither the Notice of Charge of Discrimination that the EEOC sent to the defendant nor the formal Charge of Discrimination includes the charges of age discrimination or retaliation.  However, the evidence shows that the plaintiff had included these claims in his written charge.  Like the plaintiff in Hicks, this plaintiff should not be barred from bringing a civil action under circumstances suggesting administrative error by the EEOC.

9

Defendant points to two district court cases from Pennsylvania to support its contention that plaintiff's age discrimination should be barred because it was not listed on the EEOC charge. (Defendant's Reply Brief at 16.)  However, they are distinguishable.  In <u>Rogan v. Giant Eagle, Inc.</u>, 113 F. Supp. 2d 777 (W.D. Pa. 2000), the plaintiff filed a charge with the EEOC because she believed that she had been passed over for a promotion on the basis of a medical disability. Although she also included a charge of retaliation on her intake questionnaire, the formal EEOC charge only contained the claim of disability discrimination.  In that case, the court found that the plaintiff had not exhausted her available administrative remedies under the EEOC because the claim of retaliation was in fact a separate claim, since the alleged retaliation did not begin until after the plaintiff began questioning the defendant about its failure to promote her.  The court explained, "[i]t does not appear to us that a reasonable EEOC investigation into the ADA claims in plaintiff's charge . . . would have encompassed the totally separate allegations of retaliation." <u>Id.</u> at 787.  In making this decision, the court distinguished its own holding in <u>Carter v. Philadelphia Stock Exchange</u>, 1999 WL 715205 (E.D. Pa. 1999), where it allowed an ADA claim to proceed, even though it was only raised in the intake questionnaire and not in the formal EEOC charge, because it had concluded there that the claims of disability discrimination "appears to have been within the scope of a reasonable investigation by the EEOC." <u>Id.</u> at 1.

In the second case defendant cites, <u>Johnson v. Chase Home Finance</u>, 309 F.Supp.2d 667 (E.D. Pa. 2004), Johnson alleged that she was forced to resign from her position as an administrative assistant because of discrimination based on her race, national origin, gender, and age, and that the company retaliated against her when she complained about the company's employment practices.  When plaintiff filed a charge with the EEOC, on the intake questionnaire

10

she checked off the box for "retaliation" as one of the bases of her charge.  However, the formal

charge did not include the retaliation claim.  The court granted defendant's motion to dismiss the

retaliation claim, explaining that "intake questionnaires do not satisfy the exhaustion requirement

in circumstances such as this where a claim marked off in the questionnaire is omitted from the

charge and where the EEOC does not investigate the omitted claim."  Id. at 672.  However, the

Court continued, "an EEOC investigation could not reasonably be expected to grow into

allegations of retaliation out of the charge of discrimination."  Id.   Therefore, the court

dismissed the retaliation claim for two reasons – because the formal charge did not include a

claim of retaliation *and* because it was not reasonable to expect the EEOC investigation to

include a retaliation charge based on a discrimination claim.

       The Third Circuit utilized the same analysis in Robinson v. Dalton, 107 F.3d 1018 (3d

Cir. 1997), where it reversed the district court's grant of a motion to dismiss on the grounds that

plaintiff's formal EEOC charge alleged only discrimination and the EEOC did not investigate the

claim of retaliation.  The Third Circuit remanded because "the district court did not evaluate the

reasonableness of the decision not to investigate. Thus we find it appropriate to remand this case

to the district court."  Id. at 1026.

       Following the teaching of the Third Circuit, the Court must now consider whether or not

it would be reasonable to expect an EEOC investigation into disability discrimination to include

an investigation of age discrimination against a 60 year old plaintiff under the circumstances here

presented.  If a reasonable EEOC investigation would have encompassed the age discrimination

charge along with the disability discrimination charge, Third Circuit law directs that this Court

can and should exercise jurisdiction over the age discrimination claim.  In Robinson, the Third

11

Circuit gave some guidance as to how this Court should conduct this inquiry.  First, the Court should look at the actual complaint that was filed with the EEOC.  Second, the Court should consider the reasons given by the employer for the discharge as compared to the complaint filed with the EEOC.  Third, the Court should collect and examine any relevant material.  Finally, the Court should determine whether, in this case, the age discrimination claim "fairly falls within the scope" of the disability discrimination claim.  Robinson v. Dalton, 107 F.3d at 1026.

Here, it is beyond peradventure that the complaint Martin originally filed with the EEOC, as evidenced by the intake questionnaires, included the claim for age discrimination as well as disability discrimination.  According to the defendant, the "underlying incident" that led to the plaintiff's discharge was plaintiff's violation of a "Specific Plant Rule" called "Inattention to duties: Sleeping during work hours." (Supplemental Affidavit of John K. Bennett in Further Support of Defendant's Motion to Dismiss at 2 and Exhibit A attached thereto.)   The plaintiff claims that he had never been the subject of any discipline or adverse employment actions during his 9 years of employment with defendant, and that his work record was "above satisfactory". (Plaintiff's Opposition Letter Brief at 9; EEOC Charge of Discrimination dated Jan. 7, 2005.) The defendant did not dispute these claims.  The Court notes that the Incident Report filed by the defendant includes an area in which the person making the report indicates which kind of action was taken against the employee.  (Supplemental Affidavit of John K. Bennett in Further Support of Defendant's Motion to Dismiss Exhibit A.)  The options listed are as follows:

> A.  Employee was counseled about violations of Company Rules and told that further violations would result in disciplinary action.  B.  Employee was advised that the incident was being written up and he/she would be advised of any further action.  C.  Employee was suspended and told he/she should not return to work until he/she is contacted by Maintenance

> Department.  D.  Employee was suspended and told to call Human
> Resources at 577-2071 the following day to ascertain what disciplinary
> action is to be taken against him.

(Id.)   Option "B" was selected for the plaintiff (id.), after which he was advised that he was

terminated.  (Affidavit of John K. Bennett, Exhibit A attached thereto.)

Based on the above information, the Court finds that  a reasonable investigation by the

EEOC of the single, defined incident asserted as the basis for discriminatory termination would

have encompassed age discrimination against this 60 year old employee along with disability

discrimination.  Pursuant to Hicks, Ostapowicz, and Robinson, defendant's exhaustion

arguments fail.

## V.    CONCLUSION

_____For the foregoing reasons,  the defendant's motion to dismiss is **denied.**   An appropriate

order will be entered.

Dated: March 30, 2006

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

13